47 F.3d 1178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robin Gary SMITH, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION; DEPARTMENT OF
TRANSPORTATION, Respondents.
 No. 94-9545.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Robin Gary Smith brings this appeal seeking direct review of the Federal Aviation Administration Flight Standards Service Director's decision not to renew his Pilot Examiner Designation (PED). Mr. Smith does not challenge the Director's decision not to renew his PED directly, but argues the denial of his authorization constituted an unlawful "taking" in violation of his due process rights: "No procedural due process was afforded Petition [sic] by Respondents; rather, in the horrific tradition of Naziism, they have simply taken an object they desired." We have jurisdiction pursuant to 49 U.S.C. app. 1486(a), and dismiss the petition.
 
 
 3
 In order to show entitlement to procedural due process, a party must show a liberty interest or property interest in the benefit for which protection is sought. Morrissey v. Brewer, 408 U.S. 471, 480-81 (1972); Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1569 (10th Cir.1993). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must[, instead,] have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). If such an interest is established, a court must determine what process was due and whether the party was afforded such process. Morrissey, 408 U.S. at 481-82.
 
 
 4
 Though our inquiry customarily would begin with a determination of whether Mr. Smith had either a property or liberty interest in his PED, we need not resolve that issue here. The gravamen of Mr. Smith's petition is his procedural due process rights were violated as he was not afforded an opportunity to respond to the proposed action. However, the only thing before this court (other than an opening and answer brief) bearing on the due process issue is the notification of nonrenewal sent by the Federal Aviation Administration to Mr. Smith. That letter, submitted to this court by Mr. Smith, states, in pertinent part: "In order to ensure that due process is accorded to you, at your option within ten (10) days from the date of this letter's delivery, you may submit additional information to this office for consideration or request the opportunity for an informal hearing, where an official record will be kept." Mr. Smith does not contend that he ever requested a hearing which was denied, or that he submitted additional information which was ignored. The entire "record" before this court bearing on the issue of due process consists solely of the letter quoted above. Thus, based on Mr. Smith's own due process theory and on what little there actually is for this court to review, we can only conclude his argument must fail. The petition is, therefore, DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470